

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CRYSTAL PETTIGREW,<br>   Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF<br>MENTAL HEALTH,<br>   Defendant. | §<br>§<br>§<br>§<br>§  Civil Action No. 3:21-02488-MGL<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS, AND GIVING PLAINTIFF LEAVE TO AMEND HER COMPLAINT

Plaintiff Crystal Pettigrew (Pettigrew) filed this employment case against Defendant South Carolina Department of Mental Health (SCDMH) in the Richland County Court of Common Pleas. SCDMH subsequently removed the action to this Court pursuant to 28 U.S.C. § 1331. In Pettigrew's complaint, she asserts claims pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*; the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.* Pettigrew also raises a state law claim of defamation, the claim challenged in the instant motion.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant SCDMH's motion to dismiss Pettigrew's supplemental state law claim for defamation. The Magistrate Judge also recommends the Court allow Pettigrew, pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend her complaint as

to her defamation claim.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on January 26, 2022.  To date, neither party has filed any objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court SCDMH's motion to dismiss Pettigrew's supplemental state law claim for defamation is **GRANTED**, and the claim is **DISMISSED WITHOUT PREJUDICE**.  Furthermore, Pettigrew may, pursuant to Rule 15(a)(2), amend her complaint as to her defamation

claim. Pettigrew shall file any such amended complaint, if she so chooses, within fourteen calendar days of this Order. Furthermore, this matter is referred back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

Signed this 10th day of February 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
